In 1991, defendant Andrew Cooke pleaded guilty to raping his three year-old great-grandson. The court sentenced him to a prison term of ten to twenty-five years. In 1997, the court received information from the Ohio Department of Rehabilitation and Corrections that it had screened defendant's file and recommended that he be adjudicated as a sexual predator. The court conducted a hearing and, over objections relating to the constitutionality of HB 180, the sexual predator statute, determined defendant to be a sexual predator.
Nearly all the assignments of error relating to the constitutionality of the sexual predator law have been raised in identical form in other appeals and decided adversely to defendant either by the Supreme Court of Ohio or this court. Hence, we summarily overrule the first, second, fourth, fifth, sixth, seventh, eight, ninth, tenth and eleventh assignments of error. See State v. Cook (1998), 83 Ohio St.3d 404; State v.Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
The third assignment of error raises the substantive issue whether the court had clear and convincing evidence to show that defendant should be classified as a sexual predator. Defendant argues that the state's evidentiary standard to prove an offender is a sexual predator requires more than just certified copies of prior convictions and that standard of proof has not been met in this case.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not to commit another sex offense in the future.
The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). "The statute does not require the court to list the criteria, but only to 'consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 426.
The court did not hear any evidence at the sexual predator hearing, but reviewed its file, the transcripts of the guilty plea and sentencing, and the presentence report. The file contained the screening instrument prepared by the department of rehabilitation and corrections. That screening instrument contains a checklist of items found in R.C. 2950.09(B)(2), only one of which, that the victim of the offense is under the age of thirteen, had been checked.
The file also contained letters from defendant's family and his social worker, all of which had been mailed to the court prior to his sentencing. The family members generally expressed support for defendant, noted his remorse for the offense, and asked the court to show leniency so that defendant could receive treatment for his "illness." The social worker treating defendant at the time wrote two letters. The first letter, addressed to the judge of the municipal court that presided over the filing of the complaint, told the municipal court judge that defendant reported "a lifelong struggle with sexual conflicts about which he never felt he could tell anyone." The letter went on to note that defendant had received treatment in a sexual offender's program, having asked for help because "the burden of these conflicts has been more than he can bear."
The social worker addressed her second letter to the court just prior to sentencing. In that letter the social worker described how defendant had been forthcoming in his accounts of what happened, had been "extremely distressed and confused about his behavior and very worried for his family," and that he had "actively participated in his therapy here with the specific focus on the longstanding sexual conflicts that led to this behavior." The social worker ended her letter by telling the court "I know that [defendant] can be successfully treated here in a community-based outpatient treatment program but I realize that is probably not an option" given that the rape charge was non-probationable.
The court also referred to a presentence report, although it did not include that report in the record.[1] We can infer to some extent the content of the presentence report given an exchange at sentencing between the court and defendant's son. As defendant's son addressed the court pleading for leniency on behalf of his father, the son told the court that defendant was "as much a victim also." The court asked the son, "do you know how many kids were involved in this altogether?" When the son replied in the negative, the court said:
 Why don't you do this. I will let you read this. You read it to yourself. This is the defendant's version of what happened. Not only as it relates to this case, but as it relates to all the other children in the family. This is defendant's version. Are you familiar with all that information? (emphasis added).
When the son admitted he was not familiar with the contents of what the court showed him, the court said:
 "[Y]ou have now read it and the Court has been involved in this since it's been more than one case. * * * But in reading his statement as it relates to his involvement, not only with John, and not only with one of the victims, but a number of family members. (emphasis added).
Taking all these factors into consideration, the court stated the following:
 The Court has a specific recollection of this case having incorporated by reference the transcript of the proceedings and re-reviewed the presentence report, and having taken notice of the journal entries in this particular case and the recall that you had been raping a three year old I find you to be a predator * * *.
Given these facts appearing in the record, we find the court had clear and convincing evidence to show that defendant was likely to commit a sexually oriented offense in the future. Clearly, defendant acknowledged an ongoing internal conflict that could only be managed and controlled through therapy and pharmacological intervention. The social worker's letters suggest defendant has an illness that can only be controlled, not cured. Moreover, the court's statements at sentencing suggest that defendant had acted before on other family members, and defendant presented no evidence or argument to contradict the court's statements. We find these facts sufficient to support the court's determination that defendant is a sexual predator. The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., TERRENCE O'DONNELL, J., CONCUR.
 _________________________ JUDGE JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Our efforts to locate the presentence report have been unsuccessful.